[Civ. No. 24160.   First Dist., Div. Two.   June 14, 1967.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD and LEON J. SCHMIDT, Respondents.

T. Groezinger, Loton Wells and F. G. Loughrey for Petitioner.

Everett A. Corten, Richard Swanson and William T. Hays for Respondents.

SHOEMAKER, P. J. — Petitioner State Compensation Insurance Fund, insurer of applicant's employer, County of San Bernardino, seeks review and reversal of the board's decision after reconsideration. The principal question in the case relates to the applicability of the prohibition against apportionment contained in Labor Code, section 3212.5.

The applicant, Leon J. Schmidt, took a civil service examination for a position in the San Bernardino County coroner's office, entitled "Criminal Investigator." He obtained the position and was sworn in as a deputy coroner. At the same time he was sworn in as a deputy sheriff and was given an

identification card attesting to that fact. The card was clearly marked "Non-Salaried." The badge issued to him identified him as "Deputy Coroner and Deputy Public Administrator." At all times the applicant worked out of the county coroner's office, and his immediate supervisor was the chief criminal deputy coroner. He carried a gun in his work, and was authorized to make arrests and quell disturbances of the peace occurring in his presence. He was on call 24 hours a day and was called whenever an unexplained death occurred.

The applicant had no symptoms of heart disease before entering into his employment with the county. Heart disease was first detected when the applicant was hospitalized in September 1965 due to shortness of breath and chest pains. He was temporarily totally disabled from September 28, 1965 through October 31, 1965. He returned to work on November 1, 1965, and continued working full-time until April 5, 1966, when his chest pains became acute. He was hospitalized from April 11 through April 19, 1966. His condition at that time was diagnosed as incipient myocardial infarction, arteriosclerosis and mild diabetes mellitus.

An application for compensation was filed with the board on March 25, 1966, wherein the applicant listed his occupation as deputy coroner A hearing was had, and the referee found that the applicant received an injury arising out of and occurring in the course of his employment as a deputy coroner, and awarded, *inter alia,* compensation for a permanent disability of 30 percent after apportionment. Applicant thereupon filed a timely petition for reconsideration with the board, urging that he was entitled to the prohibition against apportionment set forth in Labor Code, sections 3212 and 3212.5, and that his occupation should have been found to be "peace officer" or "deputy coroner and deputy sheriff."

The board granted reconsideration, and in its decision (after reconsideration) stated: "After review of the record the Appeals Board is of the opinion that the applicant had concurrent duties of deputy sheriff and that said duties were a substantial causative factor in applicant's heart disease. In view of the applicant's occupation as a deputy sheriff, apportionment of the applicant's permanent disability is not in order." Pursuant to this opinion, the board awarded the applicant compensation for a permanent disability of 60 percent.

The fund filed a petition for reconsideration of the board's

opinion and order granting reconsideration and decision (after reconsideration) on December 13, 1966. On December 23, 1966, before the board had acted on its petition for reconsideration and before the petition was deemed denied for lapse of time, this petition for writ of review was filed. The board denied reconsideration on January 6, 1967.

■ The main issue before us is whether or not the board acted in excess of its power in applying Labor Code, section 3212.5, to the instant case and finding that the applicant's disability was not apportionable under that section.

Labor Code, section 3212.5, reads, in pertinent part, as follows: "[I]n the case of a . . . deputy sheriff employed upon a regular, full-time salary, the term 'injury' as used in this division includes heart trouble . . . which develops or manifests itself during a period while such . . . deputy sheriff is in the service of the . . . sheriff's office. . . . The compensation which is awarded for such heart trouble . . . shall include full hospital, surgical, medical treatment, disability indemnity, and death benefits as provided by the provisions of this division.

"Such heart trouble . . . so developing or manifesting itself shall be presumed to arise out of and in the course of the employment; provided, however, that the . . . deputy sheriff shall have served five years or more in such capacity before the presumption shall arise as to the compensability of heart trouble so developing or manifesting itself. This presumption is disputable and may be controverted by other evidence, but unless so controverted, the appeals board is bound to find in accordance with it.

"Such . . . heart trouble . . . so developing or manifesting itself in such cases shall in no case be attributed to any disease existing prior to such development or manifestation."

The initial problem in the application of this statute to the instant case arises in the first phrase of the portion of the statute quoted. Can a deputy coroner with concurrent duties of a deputy sheriff, who carries a sheriff's identification card clearly marked "non-salaried," be considered "a . . . deputy sheriff employed upon a regular, full-time salary . . ."? We think not.

The board argues that since the applicant was "employed upon a regular, full-time salary" and was a "deputy sheriff," that requirement of the statute is satisfied. This is

certainly not a permissible reading of the plain language of the law. The statute, rather, requires that the applicant be employed upon a regular, full-time salary *as a deputy sheriff* before being entitled to the benefits of the provision. The board found only that the applicant here had *concurrent* duties of deputy sheriff, which implies that he also had concurrent duties as a deputy coroner. Even if the board totally disbelieved the ''non-salaried'' provision of the applicant's sheriff's deputization, it would not be consistent with the evidence to find that he was employed on a regular, full-time salary as a deputy sheriff. The applicant himself only argued that the referee should have found his occupation to be ''deputy coroner and deputy sheriff'' or ''peace officer.''

That the statute was not intended to benefit persons employed both as a deputy coroner and deputy sheriff or as ''peace officers'' is amply demonstrated by the legislative history of the provision. In 1955, the statute was amended to explicitly extend its benefits to sheriffs and their deputies as well as to members of police departments and the State Highway Patrol (Stats. 1955, ch. 797, § 2, p. 1399) A further amendment was approved by the Governor on July 9, 1965. That amendment added a paragraph to the statute which read as follows: ''The term 'members' as used herein shall be limited to those employees of police departments, the California Highway Patrol and sheriffs' departments who are defined as peace officers in Section 817 of the Penal Code.'' (Stats. 1965, ch. 940, § 1, p. 2551.) Inasmuch as deputy coroners are included in the definition of peace officers in the Penal Code, the applicant might have been covered by this version of the statute, although it is not clear if he could be considered an employee of one of the organizations listed. At any rate, it has not been argued that the statute in this form applies to the case before the court. On July 17, 1965, barely a week after the previously discussed amendment to the statute was approved, the Governor approved a further amendment to the section (Stats. 1965, ch. 1513, § 54, pp. 3568-3569). That amendment eliminated all reference to ''peace officers,'' and stated the section in its present form.

If the Legislature had intended to provide the benefits of section 3212.5 for part-time deputy sheriffs or non-salaried deputy sheriffs, or even deputy coroners, they would have done so just as they did in section 3212 in the case of hernias. It is worthy of note that that section was before the Legis-

lature at the same time that section 3212.5 was amended to eliminate reference to "peace officers." (Stats. 1965, ch. 1513, § 52.5, p. 3567.)

The board cites no cases in support of its application of the benefits of section 3212.5 to the applicant here, even under its rather strained characterization of his employment. The evidence in the case simply cannot support a finding that the applicant was employed upon a regular, full-time salary as a deputy sheriff, as the statute demands.

In view of the resolution of this issue, and the dependency of the board's position on this point, it becomes unnecessary to deal with the other arguments raised in the case.

The award is annulled and the matter is remanded to the appeals board for further proceedings consistent herewith.

Agee, J., and Taylor, J., concurred

The petition of respondent Schmidt for a hearing by the Supreme Court was denied September 7, 1967.